**FILED**
**U.S. District Court**
**District of Kansas**
07/14/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GHASSAN JABER,                                     )
                                                   )
                         Petitioner,               )
       v.                                          )        Case No. 26-3140-JWL
                                                   )
MISTY MACKEY, Warden,                              )
       Midwest Regional Reception Center;          )
SAM OLSON, ICE Field Office Director; and          )
MARKWAYNE MULLIN, Secretary of DHS,                )
                                                   )
                         Respondents.              )
                                                   )
_____          )

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials.  For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Israel, first entered the United States as a visitor in 2010.  In 2011, petitioner was detained by immigration officials and released on bond.  Petitioner's removal was ordered by an immigration judge in 2018.  In 2020, petitioner was again detained for a period of months, but then he was released under an order of supervision (OSUP).  On January 7, 2026, officials detained petitioner and revoked his supervised release.  Petitioner is presently detained within this judicial district.  On May 20, 2026, petitioner filed this habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner first claims that his detention for more than six months has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the

2

> Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Applying this framework, the Court concludes that petitioner has not met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. The mere fact that the requisite six months have now elapsed (by a matter of days) is not sufficient to meet that burden. *See Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after

3

six months.").[1] Petitioner does not contend that officials have made no efforts to remove him. To the contrary, respondents have provided evidence showing that officials have diligently worked to remove petitioner from the time of his detention. Specifically, officials initiated the travel document request process on the day after petitioner was detained; after a delay caused by submitting a fee in an incorrect amount, officials submitted the request to the Israel consulate in June 2026; officials have provided evidence that the travel document request process involving Israel generally takes approximately six months; and officials are unaware of any reason why Israel would not issue a travel document for petitioner. Petitioner has not identified any reason why a travel document would not be issued for him in the usual course, other than to argue that officials were not able to secure a travel document in the past, but there is no evidence that a document has been previously requested for petitioner. In light of these efforts to effect petitioner's removal and the fact that petitioner's detention has lasted only slightly longer than six months, the Court cannot find that petitioner's detention has become unreasonably indefinite under the applicable framework, and the Court therefore denies this claim.

Second, petitioner claims that his detention violates due process because officials failed to follow their own rules concerning a custody interview. Petitioner was offered an interview after his 90-day custody review, and he accepted that offer, and he contends that officials improperly failed to give him that interview within 30 days. Petitioner has not

---

[1] This Court has consistently held that the six-month period under *Zadvydas* restarts upon the re-detention of an alien who was previously released, *see Rustami v. Noem*, 2025 WL 3760744, at *2 n.1 (D. Kan. Dec. 30, 2025) (Lungstrum, J.), and petitioner does not argue to the contrary in this action.

4

identified any federal authority, however, that requires that an interview be given in that timeframe. *Cf.* 8 C.F.R. § 241.4(h)(1) (officials may in their discretion schedule an interview with the alien as part of a custody determination). Moreover, according to the form by which petitioner requested the interview (which respondents have submitted to the Court), the interview was to be part of his 180-day custody review.[2] Finally, an interview was in fact scheduled for petitioner as part of his second custody determination, and petitioner concedes that (after some delays) he did receive the interview. Thus, even if petitioner had shown a violation (he has not), he has not established any prejudice and has already received the relief – an interview – that the Court might have considered. *See, e.g.*, *Rustami*, 2025 WL 3760744, at *4 (improper failure to grant an interview did not warrant release; appropriate relief was substitute process in the form of an interview). Accordingly, the Court denies this claim as well.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[2] Contrary to petitioner's claim, the form did not promise an interview within 30 days; rather, the form indicated that petitioner would receive notice 30 days before the interview.

[3] Petitioner also appears to argue that officials have improperly denied him release, and he has submitted many documents supporting his argument that he should be released pending his removal; those documents are not relevant to the Court's consideration of his claims as discussed above, however, and petitioner has not cited any authority that would allow this Court to review his custody determinations.

IT IS SO ORDERED.

Dated this 14th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6